# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ELIA GARCIA,

      Plaintiff(s),

v.

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,

      Defendant(s).

Case No. 2:21-cv-00438-RFB-NJK

**Order**

[Docket Nos. 31, 37]

Pending before the Court is Plaintiff's motion to seal. Docket No. 31. Also pending before the Court is Defendant's motion to seal. Docket No. 37. Pursuant to the Court's order, Docket No. 48, the parties have now supplemented their sealing requests, Docket Nos. 53, 55.[1]

The instant sealing requests address hundreds of pages of documents filed with the Court in conjunction with Plaintiff's motion to compel discovery. Docket Nos. 31, 37. In an order issued concurrently herewith, the Court is denying that motion to compel without prejudice and without addressing the substance of the arguments made. As such, there is no public interest with respect to the documents filed under seal. *Cf. Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (in deciding whether to provide public access to filings, courts consider the "public interest in understanding the judicial process"). Instead of addressing the sealing request, the Court will instead strike the subject documents from the record. Accordingly, the Clerk's Office is **INSTRUCTED** to **STRIKE** the documents at Docket No. 31, Docket No. 31-1, Docket No. 31-2, Docket No. 31-3, Docket No. 31-4, Docket No. 31-5, Docket No. 37, Docket No. 37-1,

---

[1] Defendant purports therein to also supplement sealing requests related to summary judgment briefing. *See, e.g.*, Docket No. 55 at 1. Those sealing requests are not currently before the Court and including argument on them in the instant papers is improper. *See, e.g.*, Local Rule IC 2-2(b). To the extent Defendant feels supplementation is necessary with respect to sealing requests that are not presently at issue before the undersigned judge, then Defendant must file separate documents seeking such relief.

1

Docket No. 37-2, Docket No. 37-3.  The motions to seal (Docket Nos. 31, 37) are **DENIED** as moot.

While the Court need not address the substance of the motions to seal in light of the above order, it must note that the parties have made a mess of the docket and displayed unfamiliarity with basic procedures of federal court.  To the extent there is renewed motion practice on the underlying discovery disputes, counsel must comply with all applicable rules, including those related to moving to seal judicial filings.

IT IS SO ORDERED.

Dated: September 16, 2022

_____
Nancy J. Koppe
United States Magistrate Judge